CARL A. WESCOTT
8210 E. VIA DE LA ESCUELA
SCOTTSDALE AZ 85258
*IN PROPRIA PERSONA*
+1 276 773 7377

```
✓ FILED          ___ LODGED
___ RECEIVED     ___ COPY

    APR 3 0 2025

CLERK U S DISTRICT COURT
  DISTRICT OF ARIZONA
BY_____ DEPUTY
```

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| CARL A. WESCOTT,<br><br>Plaintiff,<br><br>vs.<br><br>HONORHEALTH;<br>DR. FRANCO CASTRO-MARIN ;<br>ARIZONA STATE POLICE;<br>POLICEWOMAN DOE<br><br>Defendants.<br><br>+ DOES 1 through 10 | Civil Action No.  **CV-25-1460-DJH**<br><br>**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF 42 USC § 1985 (3); and FALSE IMPRISONMENT** |

Plaintiff Carl A. Wescott, proceeding *pro se,* complains of HonorHealth, Doctor Franco Castro-Marin ("Dr. Castro-Marin"), the Arizona State Police, and Policewoman Doe ("Jane Doe"). In support of his Complaint, the Plaintiff states as follows:

**THE PARTIES: PLAINTIFF AND DEFENDANTS**

1. The Plaintiff is currently a Scottsdale, Arizona resident.

2. Dr. Castro-Marin is a doctor at HonorHealth who initially treated the Plaintiff, his patient, in October 2024.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF 42 USC § 1985 (3); and FALSE IMPRISONMENT**

1

3. HonorHealth is one of Arizona's largest healthcare systems, serving a population of five million people across the greater Phoenix metropolitan area. HonorHealth has nine acute-care hospitals, including the HonorHealth Scottsdale Shea Medical Center at 9003 E Shea Blvd.

4. Policewoman Doe ("Jane Doe") is a Scottsdale policewoman who drove the patient to the Scottsdale Honorhealth emergency room and then later came back to participate in the tortious acts annotated herein.

**ALLEGATIONS REGARDING CONSPIRARY**

5. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, Dr. Castro-Marin and Ms. Jane DOE, as individuals, in addition to acting for himself and herself and on his or her own behalf individually, as well as for the benefit of his or her marital community (if any), is and was acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

6. In addition, upon information and belief, there are many more individual defendants. Those additional Defendants shall emerge with the benefit of legal discovery.

7. Plaintiff further alleges on information and belief that the acts of each of the individual Defendants were fully ratified by each and all the other Defendants. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of the specific Defendants

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF 42 USC § 1985 (3); and FALSE IMPRISONMENT**

2

were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

8. Plaintiff is informed and believes and thereon alleges that at all times material to this Complaint, HonorHealth and the Arizona State Police, in addition to acting for itself and on its own behalf, is and was acting as the agent, servant, employee, and/or representative of, and with the knowledge, consent, and permission of, and in conspiracy with, each and all of the other Defendants (individual and entities) and within the course, scope, and authority of that agency, service, employment, representation, and conspiracy.

9. In addition, upon information and belief, there are even more corporate, trust, and other entity type Defendants currently unknown to Plaintiff, that shall emerge with the benefit of legal discovery.

10. Plaintiff further alleges on information and belief that the acts of each of the Defendants were fully ratified by each and all the Defendants.

11. Specifically, and without limitation, Plaintiff alleges on information and belief that the tortious actions, failures to act, breaches, and negligence alleged herein and attributed to one or more of te specific Defendants were approved, ratified, and/or done with the cooperation and knowledge of each and in conspiracy with all other Defendants (individual and corporate).

**JURISDICTION AND VENUE**

12. This is an action for damages pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (3) based upon the violations of the Plaintiff's civil rights.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF 42 USC § 1985 (3); and FALSE IMPRISONMENT**

3

13. This case qualifies for federal court due to the questions of federal law herein. The Plaintiff alleges that his civil rights were violated as defined in both 42 U.S.C. § 1983 and 42 U.S.C. § 1985 (3).

14. Jurisdiction in the United States District Court exists pursuant to 28 U.S.C. § 1331 and 1343 based on 42 U.S.C. § 1985 (3) and 42 U.S.C. § 1983 and questions of federal constitutional law.

15. This particular Court has jurisdiction over these federal law issues due to these Defendants' violations of federal law in this district, specifically the civil rights issues outlined within the auspices of 42 U.S.C. § 1983 as well as 42 U.S.C. § 1985 (3).

16. Supplemental jurisdiction over the Plaintiff's state law claims is pursuant to 28 U.S.C. § 1367(a) and the facts that the individual defendants work in this district, the entity defendants are domiciled herein, and the tortious acts and non-acts complained of herein occurred in this district, too.

**UNDERLYING FACTS AND BACKGROUND CONTEXT**

17. The Plaintiff moved to Dubai in April 2024 and returned to Arizona in late October 2024.

18. The Plaintiff was staying with his mother, an Arizona resident beginning in late October 2024 and planned on staying in Arizona through the Christmas holidays into early 2025.

19. On the night of October 26th, 2024, the Plaintiff was exposed to toxic gasses.

20. On the morning of October 27th, 2024, the Plaintiff was having trouble breathing and decided to go to the emergency room.

PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR
VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF
42 USC § 1985 (3); and FALSE IMPRISONMENT

4

21. The Plaintiff saw a policewoman who was kind enough to drive him to the emergency room, the HonorHealth hospital emergency room at Shea and 90th street in Scottsdale.

22. The attending emergency room physician was Dr. Franco Castro-Marin.

23. Dr. Castro-Marin informed the Plaintiff that he was at risk of dying, as his initial oxygen saturation levels were around 80%.

24. (The Plaintiff's normal oxygen saturation level is at 96%).

25. Healthy oxygen levels are generally at 95–100%.

26. Low blood oxygen levels, known as hypoxemia, is a cause for concern and can be life-threatening, as Dr. Castro-Marin informed the Plaintiff.

27. It was good that the Plaintiff had gone to the emergency room as he was at risk of dying.

28. After the Plaintiff's oxygen saturation levels returned to the normal range (95%, 96%), the Plaintiff thanked Dr. Castro-Marin for his care and informed Dr. Castro-Marin that the Plaintiff needed to depart the hospital.

29. Dr. Castro-Marin stated that it would be best for the Plaintiff if the Plaintiff stayed in the hospital longer, but that he would prepare the paperwork for the Plaintiff to check out of the hospital.

**Jane Doe returns; Doe, Dr. Castro-Marin, and security personnel unlawfully detain the Plaintiff**

30. While the Plaintiff was waiting for his paperwork, the Policewoman Ms. Doe returned and came to the Plaintiff's room at the hospital.

31. Ms. Doe informed the Plaintiff that he was mentally ill and that she was petitioning the Plaintiff for Court-ordered treatment.

PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR
VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF
42 USC § 1985 (3); and FALSE IMPRISONMENT

5

32. The Plaintiff asked Ms. Doe if he had committed a crime or was being detained related to a criminal investigation.

33. Ms. Doe stated that the Plaintiff had not committed a crime and was not being detained for a criminal investigation.

34. Ms. Doe did not have a Court order under Chapter 5 of Title 36, Arizona Revised Statutes, for the Plaintiff to be involuntarily committed. If Ms. Doe did have such a Court order, he would have been taken to the appropriate facility.

35. Ms. Doe also did not have a Court order under Chapter 5 of Title 36, Arizona Revised Statutes, for the Plaintiff to be evaluated under Chapter 5 of Title 36, Arizona Revised Statutes.

36. Though Ms. Doe claimed to have "petitioned" the Plaintiff, "petitioning" requires two people who must submit information in writing. Ms. Doe had not even submitted a petition under Chapter 5 of Title 36, Arizona Revised Statutes, much less received a Court order after a hearing.

37. Ms. Doe got Dr. Castro-Marin back to the Plaintiff's hospital room, and the two individual Defendants informed the Plaintiff that they were posting security outside the Plaintiff's hospital room to prevent him from leaving.

38. Three burly men came to the Plaintiff's room and made it clear they would use physical force to detain the Plaintiff. Their identities will be ascertained through the discovery process.

**Three days of False Imprisonment at the hospital**

39. For more than three days, spanning four calendar days, through October 30th, 2025, the Plaintiff was detained at the hospital by physical force, but without any legal reason for that to occur.

PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR
VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF
42 USC § 1985 (3); and FALSE IMPRISONMENT

6

40. Security was posted outside the Plaintiff's room 24 hours a day, to prevent him from leaving.

41. The burly security guards emphasized that would use force against the Plaintiff to prevent him from leaving.

42. Two of the security guards made it clear that they would physically assault and batter the Plaintiff and deliberately injure him if he dared to try to escape from the prison the Defendants had created for him.

**October 30th, 2024**

43. Three days later, during a security shift change at 6 am, the Plaintiff had one minute where his room was untended by security.

44. He walked out of the room and escaped his four-day imprisonment ordeal and made it out of the hospital.

45. The Plaintiff had to leave some of his personal property in his hospital room to escape. Some of his property has now been converted by Defendants.

46. Given that Policewoman Doe has some sort of personal vendetta against the Plaintiff, he got a flight out of the United States to where he would be safe from Policewoman Doe, who wanted to falsely imprison him without him having committed a crime, and without any sort of due process.

**Ramifications leading to Damages**

47. The Plaintiff was billed over US $44,000.00 for his unwanted stay in the "prison" of HonorHealth Scottsdale – Exhibits A and B.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF 42 USC § 1985 (3); and FALSE IMPRISONMENT**

48. The first US $6000 or so looks like the services that the Plaintiff received when he was at the hospital voluntarily. Another $38,000 that has been billed so far is for his stay and treatment that he did not request after he was physical detained there by force.

49. The Plaintiff had to cancel his plans to be with his 83-year old mother and sister for Christmas and has forever lost the opportunity to be with family for the Christmas holidays in 2024.

50. The Plaintiff lost about 80 hours of his life while illegally detained at the hospital. His time has a value under *quantum meruit*.

51. The Plaintiff spent thousands of dollars for travel to escape from the clutches of Dr. Castro-Marin and Policewoman Doe after escaping from the hospital and his detainment.

**False imprisonment**

52. The Plaintiff alleges that his detention was unlawful.

53. The Plaintiff alleges that the two individual Defendants, every security guard, willfully detained him.

54. The Plaintiff's detention was without his content – quite the contrary.

55. Therefore, by extension under vicarious liability and *respondeat superior*, HonorHealth and the Arizona State Police are liable for the Plaintiff's false imprisonment and the violations of his civil rights.

56. The 14th Amendment protects against state action that deprives a person of life, liberty, or property without due process of law.

PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR
VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF
42 USC § 1985 (3); and FALSE IMPRISONMENT

8

**Jury Trial Requested**

57. Under the Seventh Amendment to the United States Constitution, the Plaintiff has a right to a jury trial for his Constitutionally-protected petitioning rights. (Also, as per *Fed. R. Civ. P 38(b)*).

58. The Plaintiff hereby respectfully requests a jury trial on all issues raised herein, including all triable facts and issues related to his current causes of action and any facts, issues, requests, and/or causes of action that the Plaintiff or his future attorney may add within the timelines allowed by this Court.

# FIRST CAUSE OF ACTION
## 42 U.S.C. § 1983

59. The Plaintiff reallege and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

60. Defendants and their employees violated Plaintiff's exercise and enjoyment of his rights under the United States and Arizona Constitutions.

61. Defendants and their employees and agents attempted to violate the Plaintiff's right to be free from false arrest and false imprisonment.

62. The Defendants' unlawful actions were done with the specific intent to deprive the Plaintiff of his Constitutional rights of his liberty.

63. As a direct and proximate consequence of these unlawful acts, the Plaintiff has suffered the loss of freedoms, the loss of time, and emotional distress, among other consequences.

64. The Plaintiff is entitled and should be entitled to compensation for all the above and more.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF 42 USC § 1985 (3); and FALSE IMPRISONMENT**

65. All allegations and damages to be fully proven at jury trial.

## SECOND CAUSE OF ACTION
## RIGHT TO DUE PROCESS OF LAW; 42 U.S.C. § 1983
## FOURTEENTH AMENDMENTS

66. The Plaintiff realleges and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

67. Defendants and their employees and agents owed The Plaintiff a duty under the due process clauses of the Fourteenth Amendments to the U.S. Constitution to protect his freedom (to not interfere with the Plaintiff's freedom without due process).

68. Defendants, their employees and agents, owed The Plaintiff a duty under the due process clauses of the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 7 of the California Constitution to protect the personal property of the Plaintiff.

69. This duty applies to preserving the personal property of individuals arrested and taken into custody but also applies to individuals detained and threatened by law enforcement.

70. Despite this duty, Defendants provided the Plaintiff with no notice that his property was at risk of being seized, stolen, destroyed and/or thrown away and did not act to preserve the property or provide any means of reclaiming it in a timely manner.

71. As a direct and proximate consequence of the acts of Defendants' agents and employees, the Plaintiff suffered a disruption in his night, incurred additional costs, and has continued to suffer a loss of his personal property.

72. Plaintiff is entitled to compensatory damages.

73. All allegations and damages to be fully proven at jury trial.

PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF 42 USC § 1985 (3); and FALSE IMPRISONMENT

10

## THIRD CAUSE OF ACTION
## VIOLATIONS OF 42 U.S.C. § 1985 (3) – CIVIL RIGHTS

74. The Plaintiff realleges and incorporate the allegations set forth in the preceding paragraphs as though fully set forth herein.

75. The individual Defendants conspired together to deprive Plaintiffs of his civil rights in violation of 42 U.S.C. § 1985(3).

76. The conspiracy included Dr. Castro-Marin and Policewoman Doe.

77. Upon information and belief, other HonorHealth employees were involved in the conspiracy. They shall be identified in the discovery process.

78. The conspirators engaged in overt acts in furtherance of the conspiracy, including the acts alleged herein.

79. Among other impacts, the conspiracy interfered with Plaintiff's right to liberty and his right to due process.

80. The conspiracy also interfered with Plaintiff's rights of liberty and to be equal under the law, as protected by the Fourteenth Amendment of the United States Constitution.

81. The conspiracy interfered with the Plaintiff's right for equal protection of the laws, and of equal privileges.

82. The Plaintiff was damaged by the actions of Defendants.

83. Defendants' actions were the proximate cause of the Plaintiff's damages.

84. All allegations to be fully proven, including damages, at jury trial.

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF 42 USC § 1985 (3); and FALSE IMPRISONMENT**

11

## FOURTH CAUSE OF ACTION
### False Imprisonment

85. The Plaintiff realleges and incorporates the allegations set forth in the preceding paragraphs as though fully set forth herein.

86. The Plaintiff alleges that his detention was unlawful.

87. The Plaintiff alleges that the two individual Defendants and every security guard, willfully detained him.

88. The Plaintiff's detention was without his content – quite the contrary.

89. Therefore, by extension under vicarious liability and *respondeat superior*, HonorHealth and the Arizona State Police are liable for the Plaintiff's false imprisonment and the violations of his civil rights.

90. The false imprisonment alleged herein is the proximate cause of the Plaintiff's damages.

91. All allegations and the precise amount of damages shall be proven at jury trial.

WHEREFORE, PLAINTIFF PRAYS:

(a) As to Count I for all direct and consequential damages the Plaintiff incurred as a proximate result of the Defendants' violations of the Plaintiff's civil rights, along with the imposition of exemplary damages to deter the Defendants from violating others' civil rights in the future;

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF 42 USC § 1985 (3); and FALSE IMPRISONMENT**

12

(b) As to Count II for all direct and consequential damages the Plaintiff incurred as a proximate result of the Defendants' violations of the Plaintiff's civil rights, along with the imposition of exemplary damages to deter the Defendants from violating other' civil rights in the future;

(c) As to Count III for all direct and consequential damages the Plaintiff incurred as a proximate result of the Defendants' violations of the Plaintiff's civil rights, along with the imposition of exemplary damages to deter the Defendants from violating other hotel guests' civil rights in the future;

(d) As to Count IV for all direct and consequential damages the Plaintiff incurred as a proximate result of the Defendants' falsely imprisoning the Plaintiff, along with the imposition of exemplary damages to deter the Defendants from falsely imprisoning other American citizens in the future;

(e) For all costs of this lawsuit;

(f) For future attorney fees;

(g) For a reasonable value for the Plaintiff's time in having to represent himself (*quantum meruit*) until he hires an attorney to take this legal complaint the rest of the way through to jury trial.

(h) For such other and further relief as this Court deems just and proper.

RESPECTFULLY SUBMITTED

_Carl A. Wescott_
Carl A. Wescott, *pro se*

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF 42 USC § 1985 (3); and FALSE IMPRISONMENT**

# VERIFICATION

I, Carl A. Wescott, under penalties of perjury provided by the federal laws of the United States of America, certify that the facts set forth in this instrument are true and correct, except as to matters regarding his beliefs. As to such matters of belief, the undersigned certifies that he verily believes the same to be true. 28 U.S.C. § 1746; 18 U.S.C. § 1621

_Carl A. Wescott_

**PLAINTIFF'S VERIFIED LEGAL COMPLAINT FOR VIOLATIONS OF 42 USC § 1983; VIOLATIONS OF 42 USC § 1985 (3); and FALSE IMPRISONMENT**

14

**SSMC Shea Medical Center**
9003 E SHEA BLVD
Scottsdale, AZ 85260-6709
**FORWARD SERVICE REQUESTED**

*EXHIBIT A*

**HONORHEALTH.**

Carl A Wescott
8210 E VIA DE LA ESCUELA
SCOTTSDALE AZ 85258-3092

Guarantor ID: 2986482

Visit Coverages:
Mercy Maricopa Integrated Care - Mercy Care Rbha

This is not a bill. This is an itemization of your services performed at HonorHealth:

Patient:   Wescott,Carl A
Account:   30243010461

Admission Date: 10/27/24
Discharge Date: 10/30/24

## Hospital Charges

| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 10/27/24 | 0730 | 73010000 | HC Routine Ecg; Tracing Only | 1 | 520.00 |
| 10/27/24 | 0250 | J7030 | Sodium Chloride 0.9 % Bolus Soln (0338-0049-04) | 1 | 181.90 |
| 10/27/24 | 0324 | 32471045 | HC Radiologic Exam, Chest; Single View | 1 | 635.00 |
| 10/27/24 | 0305 | 30500200 | HC Blood Count; Complete, Automated | 1 | 202.00 |
| 10/27/24 | 0254 | Q9967 | Iopamidol 76 % Soln (0270-1316-35) | 160 | 135.20 |
| 10/27/24 | 0301 | 30110150 | HC Comprehensive Metabolic Panel Calcium, Total | 1 | 519.00 |
| 10/27/24 | 0352 | 35210090 | HC CT Angiography Chest | 1 | 3,760.00 |
| 10/27/24 | 0637 | A9270 | Olanzapine Zydis 5 Mg Tbdp (64380-172-01) | 1 | 1.00 |
| 10/27/24 | 0301 | 30118000 | HC Troponin, Quantitative | 1 | 401.00 |
| 10/27/24 | 0307 | 30700100 | HC Urinalysis; Automated, W/Microscopy | 1 | 133.00 |
| 10/27/24 | 0301 | 30180306 | HC Drug Test Prsmv Instrmnt | 1 | 364.00 |
| 10/27/24 | 0343 | A9558 | Xenon 133 (11994-127-11) | 1 | 491.70 |
| 10/27/24 | 0343 | A9540 | Technetium 99m Macroaggregated Albumin (65174-270-30) | 1 | 629.90 |
| 10/27/24 | 0341 | 34150060 | HC Pulmonary Ventilation (Aerosol or Gas) and Perfusion Imaging | 1 | 3,188.00 |
| 10/27/24 | 0301 | 30118000 | HC Troponin, Quantitative | 1 | 401.00 |
| 10/27/24 | 0921 | 92110150 | HC Duplex Scan of Extremity Veins Inc Resp to Compression and Other Maneuvers; Complete Bilat Study | 1 | 1,584.00 |
| 10/27/24 | 0301 | 30110900 | HC Creatine Kinase; Total | 1 | 252.00 |
| 10/27/24 | 0250 | J7606 | Formoterol 20 Mcg/2ml Nebu (0378-1631-93) | 1 | 17.40 |

Thank you for choosing HonorHealth for your healthcare needs.
Please call 623-300-9044 if you have questions regarding this document.

Print Date:03/26/25

| Date | Rev Code | Procedure Code | Description | Qty | Amount |
|---|---|---|---|---|---|
| 10/27/24 | 0250 | J7626 | Budesonide 0.5 Mg/2ml Susp (60687-524-79) | 1 | 13.20 |
| 10/27/24 | 0410 | 41010020 | HC Pressurized/Nonpressurized Inhalation Tx for Acute Airway Obstr | 1 | 427.00 |
| 10/27/24 | 0637 | A9270 | Metoprolol Tartrate 25 Mg Tabs (62584-265-11) | 1 | 0.30 |
| 10/27/24 | 0636 | J2060 | Lorazepam 2 Mg/Ml Soln (0641-6207-01) | 1 | 129.70 |
| 10/27/24 | 0636 | J1650 | Enoxaparin 120 Mg/0.8ml Sosy (71288-437-91) | 12 | 249.50 |
| 10/27/24 | 0214 | 21466000 | Telemetry | 1 | 5,795.00 |
| 10/27/24 | 0450 | 45010150 | HC OB/ED Acuity - High Severity/Level 5 | 1 | 5,068.00 |
| 10/27/24 | 0301 | 30190510 | HC Assay of Alcohols | 1 | 238.00 |
| 10/28/24 | 0300 | 30010000 | HC Collection Venous Blood by Venipuncture | 1 | 56.00 |
| 10/28/24 | 0305 | 30500200 | HC Blood Count; Complete, Automated | 1 | 202.00 |
| 10/28/24 | 0301 | 30112200 | HC Assay Blood Magnesium | 1 | 277.00 |
| 10/28/24 | 0301 | 30112100 | HC Phosphorous Inorganic | 1 | 198.00 |
| 10/28/24 | 0301 | 30111600 | HC Albumin; Serum, Plasma or Whole Blood | 1 | 209.00 |
| 10/28/24 | 0301 | 30111800 | HC Bilirubin; Direct | 1 | 217.00 |
| 10/28/24 | 0301 | 30110150 | HC Comprehensive Metabolic Panel Calcium, Total | 1 | 519.00 |
| 10/28/24 | 0301 | 30151000 | HC Thyroid Stimulating Hormone (Tsh) | 1 | 376.00 |
| 10/28/24 | 0250 | J7606 | Formoterol 20 Mcg/2ml Nebu (0378-1631-93) | 1 | 17.40 |
| 10/28/24 | 0250 | J7626 | Budesonide 0.5 Mg/2ml Susp (60687-524-79) | 1 | 13.20 |
| 10/28/24 | 0637 | A9270 | Metoprolol Tartrate 25 Mg Tabs (62584-265-11) | 1 | 0.30 |
| 10/28/24 | 0636 | J1650 | Enoxaparin 120 Mg/0.8ml Sosy (71288-437-91) | 12 | 249.50 |
| 10/28/24 | 0254 | Q9957 | Perflutren Lipid Microsphere 6.52 Mg/Ml Susp 2 Ml Vial (11994-011-04) | 2 | 765.70 |
| 10/28/24 | 0483 | 48310090 | HC Tte W or WO Fol Wcon,Doppler | 1 | 3,046.00 |
| 10/28/24 | 0636 | J2060 | Lorazepam 2 Mg/Ml Soln (0641-6207-01) | 1 | 129.70 |
| 10/28/24 | 0637 | A9270 | Metoprolol Tartrate 25 Mg Tabs (62584-265-11) | 1 | 0.30 |
| 10/28/24 | 0637 | A9270 | Senna 8.6 Mg Tabs (0904-7252-61) | 2 | 0.60 |
| 10/28/24 | 0636 | J2060 | Lorazepam 2 Mg/Ml Soln (0641-6207-01) | 1 | 129.70 |
| 10/28/24 | 0636 | J1650 | Enoxaparin 120 Mg/0.8ml Sosy (71288-437-91) | 12 | 249.50 |
| 10/28/24 | 0214 | 21466000 | Telemetry | 1 | 5,795.00 |
| 10/29/24 | 0637 | A9270 | Metoprolol Tartrate 25 Mg Tabs (62584-265-11) | 1 | 0.30 |
| 10/29/24 | 0636 | J2060 | Lorazepam 2 Mg/Ml Soln (0641-6207-01) | 1 | 129.70 |
| 10/29/24 | 0636 | J1650 | Enoxaparin 120 Mg/0.8ml Sosy (71288-437-91) | 12 | 249.50 |
| 10/29/24 | 0637 | A9270 | Metoprolol Tartrate 25 Mg Tabs (62584-265-11) | 1 | 0.30 |
| 10/29/24 | 0636 | J1650 | Enoxaparin 120 Mg/0.8ml Sosy (71288-437-91) | 12 | 249.50 |
| 10/29/24 | 0637 | A9270 | Senna 8.6 Mg Tabs (0904-7252-61) | 2 | 0.60 |
| 10/29/24 | 0305 | 30500200 | HC Blood Count; Complete, Automated | 1 | 202.00 |
| 10/29/24 | 0301 | 30112200 | HC Assay Blood Magnesium | 1 | 277.00 |
| 10/29/24 | 0301 | 30110250 | HC Renal Function Panel Calcium, Total (82310) | 1 | 418.00 |
| 10/29/24 | 0301 | 30110900 | HC Creatine Kinase; Total | 1 | 252.00 |
| 10/29/24 | 0110 | 11055000 | Med/Surg Private Room | 1 | 3,345.00 |
| | | | **Total Charges** | | **42,911.60** |



**Envision**
PHYSICIAN SERVICES
AFFILIATED EMERGENCY & HOSPITAL MEDICINE SERVICES

EXHIBIT B

Patient: CARL WESCOTT
Place of Service: HonorHealth Emergency Center - Scottsdale Shea
Statement Date: 01/10/2025
Account #: AZS2107034783

**This is your bill for physician care you received from an emergency room, inpatient stay, or urgent care visit.**
**Your total due now is $2,019.00 if paid by 02/09/2025.**

## Choose Your Amount

**$2,019.00**
Due Upon Receipt

Or, need flexibility?
Affordable payment plans available!

**$224.34**
x 9 months

Go to billpay.envisionhealth.com
to setup a payment plan today

## Pay Your Way

Pay anytime at **billpay.envisionhealth.com**
Use the QR code for direct account access
Account Number: **AZS2107034783**
Pay over the phone anytime at **(800) 355-2470**
Use Access code: **16369988**

Have Questions? Call us at **(800) 355-2470**
or use our live chat at **billpay.envisionhealth.com**
Available during business hours

Pay online, over the phone, or mail us a
check using the cutout below.



Point your phone's
camera at the code
and click the popup
window

**Your medical bill is now due.**
Please contact your insurance plan! Your insurance company informed us they are unable to identify you as a member. If you do not have insurance, you are responsible for the balance shown. Please contact us for affordable payment options.

| Visit | Services | Billed |
|---|---|---|
| 10/27/2024 | | |
| FRANCO CASTRO MARIN, MD | 99291 - CRITICAL CARE 30-74 (SICKNESS) | $2,019.00 |
| | 93010 - EMERGENCY INTERP 12 LEAD EKG | $86.00 |
| | **We Billed** | **$2,105.00** |
| We submitted a claim to your insurance plan. Your insurance plan adjusted and/or paid. | | -$86.00 |
| | **We Adjusted** | **$0.00** |
| | **You Paid** | **$0.00** |
| | **Your Total Balance** | **$2,019.00** |

---

**Envision**
PHYSICIAN SERVICES
AFFILIATED EMERGENCY & HOSPITAL MEDICINE SERVICES

PO BOX 98601
LAS VEGAS NV 89193-8601
ELECTRONIC SERVICE REQUESTED

Env_A ▲ 0 1 2 9 7 7  B6
Carl Wescott
8210 E Via De La Escuela
Scottsdale AZ 85258-3092

Pay online at
billpay.envisionhealth.com

Patient **CARL WESCOTT**
Account #: **AZS2107034783**           Amount Due: **$2,019.00**

Amount Enclosed

Make a Payment of **$224.34** to activate a payment plan. By paying monthly, you agree to the terms located at **billpay.envisionhealth.com**
Please make check payable to SCOTTSDALE EMERG ASSOC, LTD. Please include your account number on your check. Do not send cash.

SCOTTSDALE EMERG ASSOC, LTD
PO BOX 98601
LAS VEGAS NV 89193-8601

0126190002107034783002019000000000000000