**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Carl A Wescott,

          Plaintiff,

v.

HonorHealth, et al.,

          Defendants.

No. CV-25-01460-PHX-DJH

**ORDER**

Pending before the Court is *pro se* Plaintiff Carl A. Wescott's ("Plaintiff") Application to Proceed in the District Court Without Prepaying Fees or Cost (Doc. 3). Upon review, Plaintiff's Application, signed under penalty of perjury, indicates that Plaintiff is financially unable to pay the filing fee. The Court will grant Plaintiff's Application to proceed *in forma pauperis* ("IFP"). The Court will proceed to screen Plaintiff's Complaint (Doc. 1) under 28 U.S.C. § 1915(e)(2).

## I.    Legal Standard

When a party has been granted IFP status, the Court must review the complaint to determine whether the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.

*See* 28 U.S.C. § 1915(e)(2)(B).[1] In conducting this review, "section 1915(e) not only

---

[1] "While much of § 1915 outlines how prisoners can file proceedings *in forma pauperis*, §1915(e) applies to all in forma pauperis proceedings, not just those filed by prisoners."

permits but requires a district court to dismiss an [IFP] complaint that fails to state a claim." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (citation omitted).

Federal Rule of Civil Procedure 8(a) requires complaints to make "a short and plain statement of the claim showing that the pleader is entitled to relief." While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).[2] "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). A complaint that provides "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor will a complaint suffice if it presents nothing more than "naked assertions" without "further factual enhancement." *Id*. at 557.

The Court must accept all well-pleaded factual allegations as true and interpret the facts in the light most favorable to the plaintiff. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply, however, to legal conclusions. *Iqbal*, 556 U.S. at 678. The Court is mindful that it must "construe pro se filings liberally when evaluating them under *Iqbal*." *Jackson v. Barnes*, 749 F.3d 755, 763–64 (9th Cir. 2014) (quoting *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010)).

---

*Long v. Maricopa Cmty. College Dist.*, 2012 WL 588965, at *1 (D. Ariz. Feb. 22, 2012) (citing *Lopez v. Smith*, 203 F.3d 1122, 1126 n.7 (9th Cir. 2000) ("[S]ection 1915(e) applies to all *in forma pauperis* complaints[.]"); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.") (citation omitted). Therefore, section 1915 applies to this non-prisoner IFP complaint.

[2] "Although the *Iqbal* Court was addressing pleading standards in the context of a Rule 12(b)(6) motion, the Court finds that those standards also apply in the initial screening of a complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A since *Iqbal* discusses the general pleading standards of Rule 8, which apply in all civil actions." *McLemore v. Dennis Dillon Auto. Grp., Inc.*, 2013 WL 97767, at *2 n.1 (D. Idaho Jan. 8, 2013).

## II.   Statutory Screening

Plaintiff's Complaint purports to bring claims under the Civil Rights Act of 1871, the Due Process Clause of the Fourteenth Amendment of the U.S. Constitution, and for false imprisonment.  (Doc. 1 at ¶¶ 59–91).  Construing this *pro se* Complaint liberally, the Court finds that Plaintiff has failed to state a plausible claim for relief under any of the federal statutes or U.S. Constitution.

### A.  Background[3]

Plaintiff moved to Dubai in April 2024 and returned to Arizona in late October 2024 to visit his mother.  (Doc. 1 at ¶¶ 17–18).  On the night of October 26, 2024, Plaintiff was exposed to toxic gases (*id.* at ¶ 19) and the following morning, October 27, 2024, he decided to go to the emergency room because he was having trouble breathing.  (*Id.* at ¶ 20).  A policewoman drove Plaintiff to the emergency room at HonorHealth.  (*See id.* at ¶ 21).

Upon arrival to the emergency room, the attending physician, Dr. Castro-Marin (*id.* at ¶ 22) informed Plaintiff that he was at risk of dying because his initial oxygen saturation levels were around eighty percent.[4]  (*Id.* at ¶ 23).  Plaintiff's oxygen saturation levels eventually returned to normal and Plaintiff informed Dr. Castro-Marin that he needed to depart the hospital (*id.* at ¶ 28), to which Dr. Castro-Marin responded that it would be best for Plaintiff to stay in the hospital longer, but that he would prepare the paperwork for him to check out of the hospital.  (*Id.* at ¶ 29).

While waiting for his paperwork, Policewoman Doe returned to the Plaintiff's hospital room and informed him that "she was petitioning the Plaintiff for court-ordered treatment" because Plaintiff is mentally ill.  (*Id.* at ¶ 30–31).  Policewoman Doe brought Dr. Castro-Marin back to Plaintiff's hospital room and they informed him that two security guards would be posted outside of his room to prevent him from leaving.  (*Id.* at ¶ 37).  The

---

[3] Unless otherwise noted, these facts are taken from Plaintiff's Complaint (Doc. 1).  The Court will assume the Complaint's factual allegations are true, as it must when screening a *pro se* complaint.  *See Watison*, 668 F.3d at 1112.

[4] Healthy oxygen levels are within the ninety-five to one hundred percent range. (Doc. 1 at ¶ 25).

security guards remained posted outside of Plaintiff's hospital room until October 30, 2024, when, during a shift change, he walked out of his room and the hospital, leaving some of his personal property behind. (*See id.* at ¶¶ 40–45). Plaintiff then left the United States. (*See id.* at ¶ 46). Plaintiff was billed an approximate total of $44,000 for his hospital stay.[5] (*Id.* at ¶ 47, p. 15–17).

Plaintiff brings this action against Defendant Dr. Castro-Marin ("Dr. Castro-Marin"), Defendant Policewoman Jane Doe ("Policewoman Doe") (together, the "Individual Defendants"), Defendant Arizona State Police ("State Police"), and Defendant HonorHealth ("HonorHealth") (collectively, "Defendants").

### 1. Plaintiff's Claims

Plaintiff filed his Complaint on April 30, 2025, asserting the following claims:

**Count One** alleges Defendants violated Plaintiff's exercise and enjoyment of his rights under the United States and Arizona Constitutions in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (Doc. 1 at ¶¶ 59–65);

**Count Two** alleges the Defendants violated Plaintiff of his constitutionally protected due process rights in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1983 (*id.* at ¶¶ 69–73);

**Count Three** alleges the Individual Defendants conspired together to deprive Plaintiff of his civil rights in violation of the Civil Rights Act of 1871, 42 U.S.C. § 1985(3) (*id.* at ¶¶ 74–84); and

**Count Four** alleges the Individual Defendants falsely imprisoned Plaintiff (*id.* at ¶¶ 85–91).

The Court will screen the Plaintiff's claims as they are asserted against each defendant.

### a. HonorHealth

HonorHealth is a nonprofit healthcare system in Arizona.[6] *See Watkins v. Mercy*

---

[5] Approximately $6,000 for the services related to the oxygen saturation levels and approximately $38,000 for the services after Plaintiff's oxygen saturation levels returned to normal. (*See* Doc. 1 at ¶ 48, p. 15–17).
[6] HonorHealth, *About HonorHealth*, https://www.honorhealth.com/company (last visited March 26, 2026).

*Med. Ctr.*, 520 F.2d 864, 896 (9th Cir. 1975) ("G[rays Harbor Community Hospital]'s non-profit status does not make it a state actor for purposes of § 1983.")  HonorHealth is not a state actor and therefore cannot be sued under § 1983.  The § 1983 claims against HonorHealth are dismissed.

### b.  Dr. Castro-Marin

Generally, private doctors are not state actors and therefore cannot be sued under § 1983.  *See Briley v. California*, 564, F.2d 849, 855–56 (9th Cir. 1977).  Plaintiff could plausibly proceed against Dr. Castro-Marin if he pled sufficient facts to support an inference that Dr. Castro-Marin's actions were "fairly attributable" to the state.  *See West v. Atkins*, 487 U.S. 42, 58 (1988).  However, Plaintiff has not pled any facts about Dr. Castro-Marin's position or relationship to the State of Arizona.  Dr. Castro-Marin is not a state actor and therefore cannot be sued under § 1983.  The § 1983 claims against Dr. Castro-Marin are dismissed.

### c.  Policewoman Doe

### 1.  Count One: Violation of the Civil Rights Act of 1871

Although *pro se* pleadings are liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), conclusory and vague allegations will not support a cause of action.  *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).  To state a valid claim under § 1983, plaintiffs must allege that they suffered a specific injury as a result of specific conduct of a defendant and show an affirmative link between the injury and the conduct of that defendant.  *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377 (1976).  A plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.  *Iqbal*, 556 U.S. at 676.  "A plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights."  *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

Plaintiff has not clearly identified a constitutional right or federal law upon which he predicates his first Section 1983 claim.  There is no independent legal action for a

violation of Section 1983. The action must be premised on some deprivation of rights, privileges, or immunities secured by the Constitution and laws. The Court will not speculate which rights, privileges, or immunities secured by the Constitution and/or laws Plaintiff believes Defendant may have infringed that could constitute a cause of action under Section 1983. Presently, the claim is deficiently pled and is dismissed.

### 2. Count Two: Violation of the Civil Rights Act of 1871 (Due Process)

A claim brought under the Due Process Clause of the Fourteenth Amendment may be either procedural or substantive. *Martin v. Castillo*, 2025 WL 2698623, *10 (E.D. Cal. Sept. 22, 2025). "To sustain a procedural due process claim, a plaintiff must plausibly allege: (1) a deprivation of a constitutionally protected liberty or property interest, and (2) a denial of adequate procedural protections. By contrast, substantive due process claims focus on whether a given liberty interest may be infringed at all, not matter what process is provided." *Franceschi v. Yee*, 887 F.3d 927, 935 (9th Cir. 2018); *Witt v. Dep't of Air Force*, 527 F.3d 806, 817 (9th Cir. 2008).

Plaintiff alleges that Defendants violated his rights under the Due Process clause by providing the Plaintiff with no notice that his property was at risk of being seized, stolen, destroyed and/or thrown away and that Defendants did not act to preserve the property or provide any means of reclaiming it in a timely manner. (Doc. 1 at ¶ 70).

A state actor's deprivation of another's property is not cognizable under the Due Process Clause where "adequate post-deprivation remedies are available," even where the deprivation was intentional. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). However, the Ninth Circuit has held that Arizona law provides meaningful and adequate post-deprivation remedies through the state tort process. *See Wright v. Riveland*, 219 F.3d 905, 918 (9th Cir. 2000) (state tort claims provide adequate post-deprivation remedies); Ariz. Rev. Stat. § 12-821.01. As Arizona law provides meaningful and adequate post-deprivation remedies through Arizona Revised Statute § 12-821.01, the Court dismisses this claim.

### 3. Count Three: Violation of the Civil Rights Act of 1871 (§ 1985(3))

Plaintiff's third claim is that there was a conspiracy to deprive him of his civil rights

in violation of Section 1985(3) of the Civil Rights Act of 1871 by the Individual Defendants. Subsection 1985(3) requires "two or more persons in any State [] [to] conspire." As all claims against Dr. Castro-Marin have been dismissed, there is only one remaining defendant for this claim. So, the Court finds that Plaintiff's allegations fail to state a claim under Subparagraph 1985(3) for which relief can be granted.

### B. Arizona State Police

#### 1. Count One: Violation of the Civil Rights Act of 1871

The Court relies on the same analysis as laid out in Section II(D)(1). The claim is deficiently pled and is dismissed.

#### 2. Count Two: Violation of the Civil Rights Act of 1871 (Due Process)

As Arizona law provides meaningful and adequate post-deprivation remedies as outlined in Section II(D)(2), the Court dismisses this claim.

### C. State Law Claims

The basis for subject matter jurisdiction in this case is federal question jurisdiction. Plaintiff's § 1983, Fourteenth Amendment, and § 1983(5) claims are the only federal claims alleged in the Complaint, and the Court has found those claims fail as a matter of law. When the Court eliminates the federal claims in a case and only state law claims remain, the Court should decline jurisdiction over the state claims and dismiss them without prejudice. *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

### III. Leave to Amend

In accordance with the well-settled law in this Circuit, because "it is not 'absolutely clear' that [Plaintiff] could not cure [the Complaint's] deficiencies by amendment," the Court will grant him the opportunity to do so. *See Jackson v. Barnes*, 749 F.3d 755, 767 (9th Cir. 2014) (citations omitted); *see also Lopez*, 203 F.3d at 1131 (en banc) (internal quotation marks and citations omitted) (holding that a *pro se* litigant must be given leave to amend his complaint "if it appears at all possible that the plaintiff can correct the defect" in the complaint); Fed. R. Civ. P. 15(a)(2) (leave to amend should be "freely" given "when justice so requires[]").

**If Plaintiff wishes to pursue this suit, he must amend his Complaint by making factual allegations showing he is entitled to relief.** Plaintiff's amended complaint should follow the form detailed in Rule 7.1 of the Local Rules of Civil Procedure. There are examples of different types of complaints in the Federal Rules of Civil Procedure's appendix of forms (forms 11–21).[7] The Court also recommends Plaintiff review the information available in the District Court's Handbook for Self-Represented Litigants, which is available online.[8]

**To be clear, Plaintiff's amended complaint "must articulate the exact legal theory of relief for each cause of action [he is] asserting by explaining: (1) the law or constitutional right [Plaintiff] believe[s] was violated; (2) the name of the party who violated that law or right; (3) exactly what that party did or failed to do; (4) how that action or inaction is connected to the violation of the law or any constitutional right; and (5) the exact injury [Plaintiff] suffered as a result of that conduct. [Plaintiff] must repeat this process for each theory underlying every specific cause of action."** *Casavelli v. Johanson*, 2020 WL 4732145, at *10 (D. Ariz. Aug. 14, 2020).

Within **thirty (30) days** from the date of entry of this Order, Plaintiff may submit an amended complaint. Plaintiff must clearly designate on the face of the document that it is the "First Amended Complaint." This complaint must be *retyped or rewritten in its entirety* and may not incorporate any part of the original Complaint by reference.

Plaintiff should know "an amended complaint supersedes the original complaint and renders it without legal effect[.]" *Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012) (en banc). After a plaintiff files an amended complaint, the Court treats the original complaint as if it did not exist. *Id.* at 925.

## IV. Warning

Plaintiff is advised that if he elects to file an amended complaint but fails to comply

---

[7] Those forms as well as the Federal Rules of Civil Procedure and the Local Rules, as well as other information for individuals filing without an attorney may be found on the District Court's internet web page at www.azd.uscourts.gov/.

[8] The Handbook may be found at http://www.azd.uscourts.gov/handbook-self-represented-litigants.

with the Court's instructions explained in this Order, the action will be dismissed under section 28 U.S.C. § 1915(e) and/or Rule 41(b) of the Federal Rules of Civil Procedure. *See McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal with prejudice of amended complaint that did not comply with Rule 8(a)). If Plaintiff fails to prosecute this action, or if he fails to comply with the rules or any court order, the Court may dismiss the action with prejudice under Federal Rule of Civil Procedure 41(b). *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

Accordingly,

**IT IS HEREBY ORDERED** that the Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 3) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (Doc. 1) is dismissed with leave to file a First Amended Complaint within thirty (30) days of the date this Order is entered;

**IT IS FURTHER ORDERED** that if Plaintiff does not file a First Amended Complaint within **thirty (30) days** of the date this Order is entered, the Clerk of Court shall dismiss this action without further order of this Court;

**IT IS FURTHER ORDERED** that because the Court is dismissing Plaintiff's Complaint, the pending Motion Requesting Order for Service of Process (Doc. 7) is denied; and

**IT IS FINALLY ORDERED** that if Plaintiff elects to file a First Amended Complaint, it may not be served until and unless the Court issues and Order screening the amended complaint under 28 U.S.C. § 1915(e)(2).

Dated this 19th day of March, 2026.

Honorable Diane J. Humetewa
United States District Judge